1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   MICHAEL A. HUMPHREYS
3  Assistant United States Attorney
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
5  Facsimile: (702) 388-6787
   Michael.Humphresy@usdoj.gov
6  Counsel for United States

7

8

9

10              **UNITED STATES DISTRICT COURT**

11                  **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,          )   2:13-CV-1691-LDG-(GWF)
                                       )
13                 Plaintiff,          )   Default Judgment of Forfeiture as to
                                       )   Withdrawn Claimants and all Persons or
14         v.                          )   Entities Who May Claim an Interest in the
                                       )   $257,497.93 in United States Currency and
15  $257,497.93 IN UNITED STATES       )   Final Judgment of Forfeiture as to
    CURRENCY,                          )   $257,497.93 in United States Currency and
16                                     )   Feng Zheng
                   Defendant.          )
17

18  **I.  FACTS**

19         From at least November 2012 through the date of their arrest on January 9, 2013, Chang

20  Zheng, Hui Chen and others have been engaged in a conspiracy to distribute controlled

21  substances, specifically large quantities of marijuana, and also conducted frequent acts of

22  money-laundering. Following their arrest, and after being advised of their Miranda rights, Chang

23  Zheng and Hui Chen told investigators that they had no source of income other than proceeds

24  from the sale of marijuana.

25         Chang Zheng and Hui Chen are either married to each other or have a common-law

26  relationship. On further information and belief, Chang Zheng and Hui Chen, are the parents of

Feng Zheng, a college student in Columbia, South Carolina, who at all times relevant held a job at the Jasmine Buffet in Columbia, South Carolina.

The house located at 3337 Trickling Stream Circle, Las Vegas, Nevada, was the site of a residential marijuana grow operation.

On January 9, 2013, Chang Zheng and Hui Chen were at the house where 1481 marijuana plants were found. There was no furniture, food, clothing, or any other items to suggest the residence was being used for anything more than a marijuana grow facility.

Several false drivers licenses and social security cards for Chang Zheng and Hui Chen, several bank cards in the name of Hui Chen, and approximately $10,000 in United States currency were in the house.

Chang Zheng and Hui Chen sold the marijuana from their residential grow to a man driving a white car with California tags, who came to pick up the marijuana every few months.

Hui Chen had several bank deposit receipts on her person. The bank deposit receipts showed that deposits had been made between December 28, 2012, and January 9, 2013, into several bank accounts maintained by Citibank, Bank of America, and JPMorgan Chase. These receipts were deposited into the accounts of third parties in amounts ranging from $3,000 to $6,600, except for one transaction that showed a deposit for $29,000. Hui Chen also had bank deposit receipts in her possession for deposits into bank accounts in her name and the name of Chang Zheng. These deposits went into bank accounts maintained by Citibank, Bank of America, and JPMorgan Chase. The total cash deposits for all of the receipts that Hui Chen had in her possession was $90,100.

Hui Chen had 14 money order receipts in her possession ranging in amounts from $500 to $1,000. MoneyGram or the United States Postal Service had issued them.

Many of the deposit receipts Hui Chen possessed reflected movement of funds that could be traced from the bank where that money was deposited in Nevada to a bank account maintained by a third-party (most commonly a New York bank) and in the name of that party.

Within a day or two, in most instances, the amount of money that had been deposited into that third-party account was moved primarily by checks drawn on those third-party accounts to the South Carolina Bank of America account held in the name of Feng Zheng, the daughter of Chang Zheng and Hui Chen.

An example of the money is graphically depicted as follows:

| Date; Name of Bank Where funds Deposited; Amount | Account Holder Name Account Number | Date; Amount Funds Moved to Feng Zheng's BofA Account |
|---|---|---|
| 12/31/12; Citibank; $3,000 | Xin Hui Liu; x6910 | 01/03/2013; $3,000 |
| 01/02/2013; Bank of America; $3,000 | Shui Ying Zou; x0936 | 01/04/2013, Zou withdrew $3,000 from his BofA account & wrote check from Citibank No. x0136 to Feng Zheng's BofA account |
| 01-02-2013; JP Morgan; $4,500 | Yang Chen & Min Chen; x2395 | 01/03/2013; $4,500 |
| 01/02/2013; JP Morgan; $5,000 | Tony H. Xie, Gong H. Xie, De Xie; x6200 | 01/02/2013; $5,000 |
| 01/02/2013; JP Morgan; $5,000 | Neng M. Ren; x3914 | 01/03/2013; $5,000 |

In addition to funds traced from the deposits that were in Hui Chen's possession to Feng Zheng's South Carolina Bank of America account, Hui Chen had a receipt that was deposited directly into Feng Cheng's account in the amount $29,000. The deposit slip denoted six separate checks drawn on different banks. However, the payee for all of those checks was Feng Zheng.

Chang Zheng and Hui Chen had separate accounts at the Bank of America in Nevada in the name of Chang Zheng and Hui Chen. Five thousand dollars ($5,000) was deposited into each of those accounts on January 2, 2013. Special Agents seized any and all funds in these accounts and gave administrative notice on them. No person including either Chang Zheng or Hui Chen filed administrative claims for those monies. Both Zheng and Chen had no gainful employment and all of their income was derived from marijuana.

The following accounts are examples that represent drug proceeds that were deposited into third-party accounts as reflected by deposit receipts from Hui Chen.

/ / /

| Date; Name of Bank Where Funds Deposited; Amount | Account Holder Name; Account Number |
|---|---|
| 01/07/2013; Bank of America; $6,600 | Henry Zhiheng Xu; x6735 |
| 01/09/2013; Bank of America; $6,000 | Yan Louie; x1875 |

**B. Procedural History**

The United States filed a verified Complaint for Forfeiture in Rem on September 16, 2013. Complaint, ECF No. 1. The Complaint (ECF No.1) alleges the $257,497.93 in United States Currency (property):

    a.  was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b.  is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    c.  was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    d.  was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or any property traceable to such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A); and

    e.  constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1956, a specified unlawful activity, as defined by 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(D), and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) or a conspiracy to commit such an offense.

/ / /

/ / /

4

On September 20, 2013, this Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice (Order) and issued the Summons and Warrant of Arrest in Rem (Summons and Warrant). Order, ECF No. 3; Summons and Warrant, ECF No. 4.

Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order (ECF No. 3), the Summons and Warrant (ECF No. 4), and the Notice of Complaint for Forfeiture (Notice of Complaint) (ECF No. 24, p. 3-4) were served on the property and all persons claiming an interest in the property.  Notice was published according to law.

Pursuant to Fed. R. Civ. P. Supp. Rule G(5), all persons interested in the property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4; Notice of Complaint, ECF No. 24, p. 3-4.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from April 1, 2014, through April 30, 2014. Notice of Filing Proof of Publication, ECF No. 19.

/ / /

On April 9, 2014, the Internal Revenue Service (IRS) served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint by executing them on the property. Notice of Filing Service of Process, ECF No. 24, p. 2-18.

On April 10, 2014, the IRS personally served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Patricia Marr, attorney for Feng Zheng, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, and Yidong Zheng. Notice of Filing Service of Process, ECF No. 24, p. 19-36.

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Chang Biao Zheng by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24, p. 37-56.

On April 23, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Chang Biao Zheng by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24, p. 57-77.

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Chang Biao Zheng by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24, p. 78-98 & ECF No. 24-1, p. 1-21.

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Hui Qing Chen by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-1, p. 22-41 & p. 62-103.

On April 23, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Hui Qing Chen by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-1, p. 42-61.

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Henry Zhiheng Xu by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-2, p. 1-36.

/ / /

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Yan Louie by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-2, p. 37-54.

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Yidong Zheng by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-2, p. 55-74 & ECF No. 24-3, p. 22-42.

On April 23, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Yidong Zheng by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-2, p. 75-95 & ECF No. 24-3, P. 1-21.

On April 9, 2014, the IRS served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on Feng Zheng by certified return receipt mail and regular mail. Notice of Filing Service of Process, ECF No. 24-3, p. 43-63.

On April 29, 2014, Feng Zheng, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, and Lan Qing Liu filed claims. Declaration, ECF Nos. 5-10; Notice of Claim, ECF No. 11-18.

On May 12, 2014, Feng Zheng, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, and Lan Qing Liu filed an Answer to the Complaint. Answer, ECF No. 20.

On May 15, 2014, Feng Zheng, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, and Lan Qing Liu filed an Amended Answer to the Complaint. Amended Answer, ECF No. 21.

On January 27, 2016, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to $257,497.93 and Order.  Feng Zheng waived, among other things, service of process. The government agreed to return $78,542.92 to Feng Zheng subject to the Treasury Offset Program, which collects any delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support) Feng Zheng may owe. The amount returned to her may be a lesser amount. Settlement Agreement, ECF No. 30.

///

On February 1, 2016, this Court entered the Order granting the Settlement Agreement for Entry of Judgment of Forfeiture as to $257,497.93 and Order. Order Granting Settlement Agreement, ECF No. 31.

On April 13, 2016, Lan Qing Liu, Neng M. Ren, Shui Ying Zou, Tony Xie, and Xin Hui Liu withdrew their claims on the property. Motions for Withdrawal of Claims, ECF Nos. 32-36.

On April 26, 2016, this Court entered orders granting the Motions for Withdrawal of Claims with prejudice. (ECF Nos. 37-39, 41, and 42).

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On April 26, 2016, the United States filed a Motion for Entry of Clerk's Default against the $257,497.93 in United States Currency, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng, and all persons or entities who claim an interest in the $257,497.93 in United States Currency in the above-entitled action except Feng Zheng. Motion for Entry of Clerk's Default, ECF No. 40.

On April 27, 2016, the Clerk of the Court entered a Default against the $257,497.93 in United States Currency, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng, and all persons or entities who claim an interest in the $257,497.93 in United States Currency in the above-entitled action except Feng Zheng. Entry of Clerk's Default, ECF No. 43.

Feng Zheng, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, and Yidong Zheng are not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. *See* Motion for Entry of Clerk's Default, ECF No. 40, Exhibits 1-11.

/ / /

/ / /

Feng Zheng, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, and Yidong Zheng are neither minors nor incompetent persons.

## III.  LEGAL STANDARD

For purposes of a default judgment, the well-pled allegations of the complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny relief upon an application for default judgment is within the discretion of this Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Civil forfeiture cases have five elements that must be met to fulfill the legal standard and complete a default: (a) publication and personal service were completed as required in Fed. R. Civ. P. Supp. Rule G(4); (b) the judgment sought does not differ in kind from, or exceed in amount, from what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (c) the Clerk of the Court has entered default for the specified amount pursuant to Fed. R. Civ. P. 55(b); (d) the complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2) (Alan Neuman Prod., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1998)); and (e) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Fed. R. Civ. P. Supp. Rule G(5). United States v. Approximately $67,900.00 in U.S. Currency, No. 2:13-CV-1173 JAM AC, 2014 WL 1330668 (E.D. Cal. Mar. 31, 2014).

Civil cases which do not directly address forfeiture have seven elements for consideration before entry of default: (a) the possibility of prejudice to the plaintiff if relief is denied; (b) the substantive merit of the plaintiff's claims; (c) the sufficiency of the complaint; (d) the amount of money at stake; (e) the possibility of disputes to any material facts in the case; (f)

whether default resulted from excusable neglect; and (g) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at 2 (D. Nev. Nov. 10, 2014).

**IV.  THE LEGAL REQUIREMENTS FOR DEFAULT ARE MET**

1.  <u>Notice</u>

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above.  Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order, the Summons and Warrant, and the Notice of Complaint on all known potential claimants. See above.

2.  <u>Judgment Sought</u>

Pursuant to Fed. R. Civ. P. 54(c), the judgment by default does not "differ in kind from, or exceed [the] amount[]" of relief listed in the complaint for forfeiture. (brackets added).

3.  <u>Default and Entry of Default</u>

As shown above, the United States has requested entry of Clerk's Default against the $257,497.93 in United States Currency, Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng, and all persons or entities who claim an interest in the $257,497.93 in United States Currency in the above-entitled action except Feng Zheng (ECF No. 40).  The Clerk entered the Default as requested (ECF No. 43) pursuant to Fed. R. Civ. P. 55(a) and (b)(1).

4.  <u>Legal Sufficiency of the Complaint</u>

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the $257,497.93 in United States Currency, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the $257,497.93 in United States Currency occurred and its current location. The

Complaint identifies the statutes under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1. Fed. R. Civ. P. Supp. Rule G(2).

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

5. <u>Potential Claimants</u>

Feng Zheng has entered into a Settlement Agreement with the United States which resolves her claim on the property (ECF No. 31). Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng withdrew their claims and this Court granted their motions to withdraw with prejudice (ECF Nos. 37-39, 41, and 42). No other person has filed a claim and the time to file a claim has passed.

6. <u>The Plaintiff will be Prejudiced Without a Judgment</u>

The government would clearly be prejudiced if it were to try this case rather than receive a default judgment, since it would incur the additional expense and effort of presenting evidence, which is unnecessary because the allegations of the complaint have been established by Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng's default. Litigation is unnecessary and impractical. "[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment. *United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at 2 (D. Nev. Nov. 10, 2014) (brackets added).

/ / /

/ / /

7.  The Government's Claims are Meritorious and the Complaint is Sufficient

As shown in the statement of the case above, the government has a clear case against the property and the Complaint sufficiently alleges the facts of the case.

8.  The Amount of Money at Stake

The amount of money at stake was clearly established in the Complaint (ECF No. 1) and is forfeitable pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C § 981(a)(1)(A) and (C).

9.  There are No Possible Disputes of Material Fact

If default judgment were denied, there would be no issues of material fact. The ability of law enforcement to trace the property from drug sales through a series of bank accounts establishes the seized property is illegal proceeds. The default has, in any event, rendered the allegations of the complaint conclusively established as a matter of law.

10.  Default Was Not the Result of Excusable Neglect

The record shows that the claimants were properly served with the Complaint, Order, Summons and Warrant, and the Notice and filed claims and answers to the complaint. The Claims and Answers were withdrawn with prejudice. As a result, there is no evidence of excusable neglect.

11.  Public Policy Does not Prevent Default Judgment

"While the Federal Rules favor decisions on the merits, they also allow for the termination of cases before the court can reach the merits… [t]hus, the preference to decide cases on the merits does not preclude a court from granting "default judgment." *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at 3 (N.D. Cal. Feb. 13, 1996) (brackets added). Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the claimants withdrew their claims and answers to the government's Complaint. Denying the government's motion would not further public policy. Instead, it would delay the return of property as set forth in the Settlement Agreement (ECF No. 31). While cases should be decided on the merits when possible, the settlement with Feng Zheng and the other Claimants' withdrawals of their claims

makes a decision on the merits impractical, and default judgment and final judgment is therefore appropriate. *Rockstar, Inc. v. Rap Star 360 LLC*, No. 2:10-CV-00179-LRH, 2010 WL 2773588, at 3 (D. Nev. July 8, 2010).

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng, and all persons or entities who may claim an interest in the $257,497.93 in United States Currency and Final Judgment of Forfeiture as to $257,497.93 in United States Currency and Feng Zheng.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against Tony H. Xie, Xin Hui Liu, Neng M. Ren, Shui Ying Zou, Lan Qing Liu, Chang Biao Zheng, Hui Qing Chen, Henry Zhiheng Xu, Yan Louie, Yidong Zheng, and all persons or entities who may claim an interest in the $257,497.93 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $257,497.93 in United States Currency and Feng Zheng.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $257,497.93 in United States Currency is forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, other than Feng Zheng, whose rights and liabilities are adjudged below.

IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been forfeited, within a practicable time hereafter for the United States, the United States must release to Feng Zheng, through Patricia Marr, one payment of $78,542.92, less any debt owed the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

/ / /

/ / /

1       IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was

2  reasonable cause for the seizure or arrest of the property.

 

 

UNITED STATES DISTRICT JUDGE

LLOYD D. GEORGE

DATED: _____ September 2016 _____